O

# United States District Court
# Central District of California

| | |
|---|---|
| GARY SCHERER,<br><br>            Plaintiff,<br><br>     v.<br><br>DAVID J. EAGLE, et al.,<br><br>            Defendants. | Case No. 2:21-cv-01606-ODW (PDx)<br><br>**ORDER GRANTING IN PART AND DENIES IN PART PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT [26]** |

### I. INTRODUCTION

Plaintiff Gary Scherer applies for default judgment against Defendants David J. Eagle, in his individual capacity and as trustee of the Eagle Family Trust, and Mattress Pros LLC for violations of the Americans with Disabilities Act ("ADA"). (Appl. Default J. ("Appl."), ECF No. 26.) For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Scherer's Application.[1]

### II. FACTUAL AND PROCEDURAL BACKGROUND

On February 22, 2021, Scherer filed a Complaint alleging the following facts. (Compl., ECF No. 1.)

---

[1] After carefully considering the papers filed in support of the Application, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Scherer uses a wheelchair due to a medical condition that significantly impairs his mobility. (Compl. ¶ 1.) In January 2020, Scherer visited the Mattress Pros store at 5600 Laurel Canyon Blvd in Valley Village, California to avail himself of its goods and assess the business for compliance with disability access laws. (*Id.* ¶ 10.) Defendants own and operate the store. (*Id.*) Scherer alleges that Defendants failed to provide wheelchair accessible paths of travel inside the store and along the south and west pathways leading to the store entrance. (*Id.* ¶¶ 12–14, 17.) Specifically, Scherer alleges that mattresses stacked on the outside walkway narrowed the path of travel. (*Id.* ¶¶ 14, 15.) Scherer's knowledge of these alleged barriers deters him from returning to the store until the store is accessible. (*Id.* ¶ 23.)

On February 22, 2021, Scherer initiated this action against Defendants asserting two causes of action: violation of the ADA and violation of the California Unruh Civil Rights Act ("Unruh"). (Compl. ¶¶ 25–35.) On March 17, 2021, the Court declined to exercise supplemental jurisdiction over Scherer's Unruh claim and dismissed that claim without prejudice. (Min. Order 9, ECF No. 16.) Upon Scherer's requests, on March 31, 2021, the Clerk entered default against Eagle, and on April 9, 2021, the Clerk entered default against Mattress Pros. (Defaults by Clerk, ECF Nos. 23, 25.)

Scherer now moves for default judgment against both Defendants. (*See* Appl.) He seeks an injunction under the ADA directing Defendants to provide wheelchair accessible paths of travel at and around the store, and an award of attorney's fees and litigation expenses in the amount of $2,612.20. (*Id.* 2.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in FRCP 54(c) and 55, as well as Local Rules 55-1 and 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered;

(2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1. Local Rule 55-2 allows plaintiffs claiming unliquidated damages to prove those damages by declaration. L.R. 55-2.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002). In exercising discretion, a court must consider several factors (the "*Eitel* factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the [FRCP] favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

## IV.     DISCUSSION

Scherer has satisfied the procedural prerequisites to moving for default judgment, and the *Eitel* factors weigh in favor of issuing the ADA injunction Scherer requests. However, counsel's requested attorneys' fees are excessive. Thus, the Court will grant the motion and enter default judgment with reduced attorneys' fees.

### A. Procedural Requirements

The Clerk entered default against each Defendant at Scherer's request in accordance with FRCP 55(a). In compliance with Local Rule 55-1, Scherer's counsel declares: (a) the Clerk entered default against Defendants (b) on the Complaint that Scherer filed on February 22, 2021; (c) Defendants are not infants or incompetent persons; (d) Defendants are not covered under the Servicemembers Civil Relief Act; and (e) Scherer served Defendants with notice of this Application by first class United States mail on March 5, 2021, and March 12, 2021, respectively. (Decl. of Faythe Gutierrez Ex. 9 ¶¶ 2, 5 ("Gutierrez Decl."), ECF No. 26-11.) Thus, Scherer has complied with the procedural requirements for the entry of a default judgment.

### B. *Eitel* Factors

Once a plaintiff satisfies the foregoing procedural requirements, the court proceeds to exercise its discretion in entering default judgment, using the *Eitel* factors as a guide. Here, the Court finds that the *Eitel* factors favor entry of default judgment against Defendants on Scherer's ADA claim for obstructed paths of travel.

#### 1. Possibility of Prejudice to Plaintiff

Under the first factor, courts determine whether the plaintiff will suffer prejudice if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Denial of default leads to prejudice when it leaves a plaintiff without a remedy or recourse to recover compensation. *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010); *PepsiCo*, 238 F. Supp. 2d at 1177. Defendants have failed to appear or participate in this action, except for an attempt by Mattress Pros to file documents pro se, which were stricken for lack of a licensed attorney to represent the LLC. (Appl. Permission Electronic Filing, ECF No. 19; Order Striking Electronically Filed Docs., ECF No. 20.) Absent entry of default judgment, Scherer will have no way to compel Defendants to re-arrange their mattresses in a way that allows him equal enjoyment of the store and a path of travel on the sidewalk outside. Accordingly, this factor weighs in favor of default judgment.

*2. Substantive Merits and Sufficiency of Complaint*

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (quoting *PepsiCo*, 238 F. Supp. 2d at 1175). To weigh these two factors, the Court must evaluate the merits of Scherer's ADA cause of action.

"Title III of the ADA prohibits discrimination on the basis of disability in the 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . .'" *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011) (*quoting* 42 U.S.C. §§ 2000a(b), 12182(a)). As relevant here, discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). To succeed on his ADA claim, Scherer must establish that (1) he is "disabled within the meaning of the ADA," (2) Defendants "own[], lease[], or operate[] a place of public accommodation," (3) Defendants denied Scherer public accommodation because of his disability, (4) the store "presents an architectural barrier prohibited under the ADA," and (5) "the removal of the barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007–08 (C.D. Cal. 2014) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (*overruled on other grounds by Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030 (9th Cir. 2020)).

First, under the ADA, a "disability" is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA lists walking as a "major life activit[y]." *Id*. § 12102(2)(A). Scherer alleges that he uses a wheelchair due to a medical condition that significantly impairs his ability to walk. (Compl. ¶ 1.) Scherer's allegation thus establishes that he is disabled under the ADA definition.

Second, under the ADA, those who own, lease, or operate places of public accommodation are prohibited from discriminating against an individual on the basis of

disability. 42 U.S.C. § 12182(a). Public accommodations include sales establishments. *Id.* § 12181(7)(E). Scherer's allegations and evidence indicate that defendant Mattress Pros LLC owns the business that operates out of the premises at issue. (Gutierrez Decl. ¶ 4; Compl. ¶ 11.) This suffices to show that Mattress Pros owns, leases, or operates a place of public accommodation subject to Title III of the ADA.

Scherer also presents evidence indicating that "defendant David J. Eagle" owns the property. (Gutierrez Decl. ¶ 4.) But Scherer sued Eagle in two capacities: individually and as a trustee of a trust. These are two separate legal capacities, and Scherer fails to specify in which capacity Eagle owns the property. Without further evidence, the Court will not make a guess, nor will the Court enter judgment against both.

More fundamentally, Scherer's bare assertion about Eagle's relationship to the property fails because there is no further evidence that Eagle, as the owner of the property, is in any way responsible (in theory or in fact) for where Mattress Pros places its own mattresses. (Gutierrez Decl. ¶¶ 3–4.) This failure is unsurprising, as it is implausible that Eagle, as the building owner, is responsible for the placement of merchandise procured and possessed solely by a commercial tenant. It is therefore implausible that the placement of the mattresses constitutes an act of discrimination by Eagle. 42 U.S.C. § 12182(a). Accordingly, the Court **DENIES** the motion **IN PART** by **DISMISSING** Eagle from this action **WITH PREJUDICE**. The remaining discussion applies to Mattress Pros only.

As to the third and fourth elements, "a public accommodation shall maintain . . . facilities . . . readily accessible to and usable by persons with disabilities." 28 C.F.R. § 36.211(a). The standards governing compliance with the ADA are set forth in the ADA Accessibility Guidelines ("ADAAG"), which is "essentially an encyclopedia of design standards." *Oliver*, 654 F.3d at 905. The applicable ADAAG standard relating to accessible routes provides that the clear width of walking surfaces at public accommodations must be a minimum of 36 inches. 2010 ADAAG § 403.5.1.

Scherer contends the store lacks accessible paths of travel that violate the ADA. (Compl. ¶ 25–31.) Specifically, Scherer alleges that the south and west paths of travel leading to the store were partially blocked by mattresses, thereby causing those paths of travel to be narrower than 36 inches, in violation of the ADA. (Compl. ¶ 14.) Scherer's investigator's photos show that Mattress Pros operates out of a storefront in an outdoor strip mall-type commercial property. (Appl. Ex. 4 ("Store Photos"); ECF No. 26-6; Decl. of Evens Louis ("Louis Decl.") ¶ 5, ECF No. 26-5 (authentication).) The photos show several mattresses leaning against the outside store window. (*See* Store Photos 4–6[2], 14–15; Louis Decl. ¶ 4.) The mattresses cover most of the sidewalk that abuts the front of the store, leaving only a few inches between the mattresses and the curb where the sidewalk drops off and meets the parking lot. Thus, the resulting paths of travel are only a few inches wide. It is unclear from these photographs whether this is the "south" or the "west" walkway, but the photos clearly show a common-area pathway in front of the Mattress Pros store obstructed with mattresses. (*See* Store Photos 4–6, 14–15.)

Furthermore, a series of photos taken inside the store show similar path-of-travel violations. (Store Photos 17–23.) The photos show that the storeroom is filled with mattresses stacked flat, in a grid-like pattern, with paths of travel between the stacks of mattresses. (*Id.*) Louis declares, and the photos show, that some of these paths of travel were less than 36 inches in width. (Louis Decl. ¶ 3.)

Scherer's evidence thus demonstrates that the walkways leading up to the store, and some pathways within the store, were partially obstructed by mattresses, reducing the paths of travel to narrower than 36 inches. (Compl. ¶¶ 14, 15; Louis Decl. ¶¶ 3, 4.) Defendants have not submitted any evidence on these issues. Thus, the Court concludes that some of the aisles within the store and some of the walkways leading up to the store do not satisfy the requirement for an accessible path of travel. *See Gayle v. Borg*,

---

[2] The store photos are unpaginated. The Court considers the first photo to be page 1.

No. CV 18-09055-SJO-JC, 2020 WL 2334113, at *8 (C.D. Cal. Jan. 27, 2020) (finding similar path-of-travel violations at a gas station).

*Fifth*, Scherer alleges the barriers are easily removed without much difficulty or expense. (Compl. ¶ 22.) The ADA provides rearranging furniture as one of many examples of removing barriers. 28 C.F.R. § 36.304(b)(4). Mattresses are movable objects, and a mattress business is undeniably capable of moving mattresses. Absent any countervailing showing, the Court finds that removal of the barrier by rearranging the mattresses is "readily achievable." As such, the second and third *Eitel* factors favor default judgment.

### 3. Amount at Stake

The fourth *Eitel* factor balances the amount of money at stake with the "seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; *Eitel*, 782 F.2d at 1471. The amount at stake must be proportionate to the harm alleged. *Landstar*, 725 F. Supp. 2d at 921.

The ADA's enforcement provisions "provide only for injunctive relief. Damages are not available to individuals." *Pickern v. Holiday Quality Foods*, 293 F.3d 1133, 1136 (9th Cir. 2002). Here, Scherer seeks injunctive relief and does not seek monetary damages. (Appl. 2.) As such, assuming the injunction is appropriately tailored, the relief sought will be proportionate to Defendants' conduct and appropriate on default judgment. Consequently, this factor weighs in favor of default judgment.

### 4. Possibility of Dispute

The fifth *Eitel* factor is whether the material facts are in dispute. *PepsiCo*, 238 F. Supp. 2d at 1177. Scherer's evidence makes clear that the way Mattress Pros stacks its mattresses causes path-of-travel violations. (*See* Store Photos; Louis Decl. ¶ 4.) Further, because the allegations in Scherer's Complaint are presumed true, Defendants' failure to appear in this action results in a finding that "no factual disputes exist that would preclude entry of default judgment." *Vogel*, 992 F. Supp. 2d at 1013. Accordingly, this factor favors entry of default judgment.

### 5. Possibility of Excusable Neglect

The sixth *Eitel* factor is whether the defendant's default is the result of excusable neglect. *PepsiCo,* 238 F. Supp. 2d at 1177. Here, Scherer served Defendants with both the Complaint and the Application for Default Judgment. (Proof of Service of Compl., ECF No. 15; Proof of Service of Appl., ECF No. 26-13.) Defendants were thus on notice and failed to respond. Mattress Pro attempted to file documents pro se, but these were stricken for lack of a licensed attorney representing the LLC. (Appl. Permission Electronic Filing; Order Striking Electronically Filed Docs.) This suggests Defendants' lack of participation is due more to a choice not to appear than to excusable neglect. Accordingly, this factor favors entry of default judgment.

### 6. Policy Favoring Decisions on the Merits

Under the seventh *Eitel* factor, "default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). However, when the defendant fails to answer the plaintiff's complaint, "a decision on the merits [is] impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. As Defendants failed to appear or otherwise respond, a determination on the merits is impossible. Accordingly, this factor does not preclude entry of default judgment.

On balance, the *Eitel* factors support entry of default judgment against Mattress Pros on Scherer's ADA cause of action, based on the noncompliant paths of travel. Accordingly, the Court **GRANTS** Scherer's Application **IN PART**. The Court will enter judgment against Mattress Pros and will dismiss Eagle in both his capacities.

Plaintiff proposes an injunction under which defendants "are ordered to provide wheelchair accessible paths of travel at the Mattress Pros store . . . in compliance with the [ADAAG]." (Proposed J., ECF No. 26-12.) Plaintiff's proposed injunction is too conclusory and generalized. The Court will issue an appropriately narrow injunction as part of the judgment.

### C. Attorneys' Fees and Costs

Scherer prevailed on his ADA claim and may therefore recover attorneys' fees under 42 U.S.C. § 12205. Scherer may also recover costs as provided in 29 U.S.C. § 1920, FRCP 54(d)(1) and Local Rule 54-2. Scherer's attorneys request $1742.20 in fees and $870.00 in costs. (Decl. of Russell Handy ("Handy Decl.") 9–10, ECF No. 26-3.)

In an application for default judgment, when attorneys' fees are sought pursuant to a statute, fees are generally calculated according to the schedule provided by the court. C.D. Cal. L.R. 55-3. Attorneys may request fees in excess of the schedule, as Scherer's attorneys have done. C.D. Cal. L.R. 55-3. When a party makes such a request, "the court is obligated to calculate a 'reasonable' fee in the usual manner, without using the fee schedule as a starting point." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018). The usual manner is the lodestar method, which multiplies the hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Courts have discretion to determine the reasonableness of the fees requested and may consider a number of pertinent factors. *Id.* at 433; *Langer v. Butler*, No. SA CV 19-0829-DOC (JDEx), 2019 WL 6332167, at *8 (C.D. Cal. Aug. 27, 2019) (citing *Quesada v. Thomason*, 850 F.2d 537, 539 n.1 (9th Cir. 1988) (listing twelve factors)).[3] Courts should also exclude hours that are excessive, redundant, or not reasonably expended. *Hensley*, 461 U.S. at 434.

First, the Court finds that the number of hours billed for this case (5.27 hours) is reasonable. (Handy Decl. ¶¶ 9–10.)

---

[3] The factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of accepting the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Quesada.* 850 F.3d at 539 n.1.

As for hourly rates, three lawyers worked on Scherer's case: Mark Potter (billing at $595/hour), Amanda Seabock (billing at $450/hour), and Faythe Gutierrez (billing at $400/hour). (Handy Decl. ¶¶ 3–5.) Marcus Handy requests fees at $200 per hour as a paralegal, and the legal assistants seek fees at $100 per hour. (*Id.* ¶¶ 6, 7.) After considering the qualifications of the attorneys who billed for this case, the itemized billing records detailing their time, and the type of work required for a routine ADA case such as this, the Court concludes that the requested hourly rates are excessive.

This is a routine ADA case in which Plaintiff's counsel has reused the same documents and "carbon-copy complaints" in other cases. *Tate v. Deoca*, No. CV 14-08739-SJO-MRW, 2018 WL 5914220, at *8 (C.D. Cal. July 31, 2018) (citing cases and cautioning against awarding counsel a windfall for such copy-and-paste work); (*see* Handy Decl. ¶ 3 (noting Potter has litigated thousands of ADA cases).) Indeed, "[a] simple comparison of the filings in this case with the filings in thousands of other cases filed by Plaintiff's counsel in this district reveals almost no original work." *Tate*, 2018 WL 5914220, at *8.

This Court is guided not by the amount requested but by the "fees awarded by other judges in the same locality in similar cases." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008) (citation omitted). Given that this action is nearly identical to the thousands of other cases filed by Scherer's counsel, and after reviewing awards in similar cases, the Court reduces Plaintiff's requested hourly rates as follows: $425/hour for Potter, $350/hour for Seabock, $250/hour for Gutierrez, $150/hour for Marcus Handy. *See Villegas v. Wong-One*, LLC, No. CV 20-7291-RSWL-ASX, 2021 WL 2987151, at *5 (C.D. Cal. July 15, 2021) (reducing hourly rates to $425/hour for Potter, $350/hour for Seabock, and $250/hour for Gutierrez); *Garcia v. Padilla*, No. 2:20-cv-03033-SVW-JPR, 2020 WL 8027786, at *3 (C.D. Cal. Sept. 15, 2020) (same).

The $100/hour rate billed by Counsel's legal assistants is reasonable and need not be reduced. *See Love v. Mustafa*, No. 20CV02071PJHAGT, 2021 WL 2905427,

at *3 (N.D. Cal. June 11, 2021) (finding $100/hour a reasonable rate for paralegal fees in an ADA case).

Accordingly, the reduced attorney fee award is $1,195.20.

As for investigator costs, in recent similar cases, counsel's firm requested $100, as opposed to $400 in the present action. *See e.g., Uriarte-Limon v. Torres*, No. 2:20-CV-02862-SVW-JC, 2020 WL 5260480, at *4 (C.D. Cal. July 15, 2020). Moreover, in cases where counsel's firm has submitted investigator costs of $400, this Court has routinely reduced these costs to $100. *See e.g., Cagle v. Multani*, No. CV 20-3038-MWF (PDX), 2020 WL 7861969, at *4 (C.D. Cal. Sept. 3, 2020). Reducing the investigator cost award is especially appropriate in this case because nothing about this investigation suggests that it was particularly time- or labor-intensive. Moreover, Scherer has not provided any other supporting evidence to support a $400 investigator expense besides the billing statement. The Court reduces the investigator costs to $100, and awards Plaintiff $570 in costs.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's Application for Default Judgment. (ECF No. 26.) The Court will issue judgment against Mattress Pros containing an appropriately tailored ADA injunction and an award of $1,195.20 in attorneys' fees and $570.00 in costs. Eagle is ordered **DISMISSED WITH PREJUDICE** in both his individual and trustee capacities.

**IT IS SO ORDERED.**

October 6, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**